HUNTINGTON HOSPITAL ASSOCIATION, Plaintiff, *v.* WILLIAM R. HALABY, Defendant.

County Court, Suffolk County, October 7, 1953.

*Hayt & Hayt* for plaintiff.

*Toaz, Buck & Root* for defendant.

HAZLETON, Acting County Judge. The plaintiff seeks to recover from defendant the cost of hospital services rendered his wife and child both before and after the accouchement. The defendant disclaims liability upon the grounds that he is not the father of the child, that when the services were rendered he was separated from his wife, that the hospital had knowledge of such separation and further that after the services were rendered, an interlocutory decree was entered annulling the marriage.

Before I apply the pertinent rules of law to this problem, I must find the facts. Thus, I decide (1) the child was born of the union of defendant and his wife; (2) when the hospital rendered the services to the wife and child, defendant was living away from his wife, which separation continues; (3) the hospital before it rendered such services had been apprised by defendant of his separation from his wife and had noted

the marital breach upon its records; (4) that an interlocutory decree annulling the marriage was obtained by defendant upon default of the wife in July, 1953.

We are not concerned here with hospital services rendered the wife only while the husband and wife were separated, with knowledge to the hospital. The services under consideration were not rendered solely to the wife but rather to the combined condition consisting of both the pregnant mother and child to which condition the defendant was a contributing party. The hospital services were both pre- and postnatal.

Unquestionably, the father is responsible for the medical services rendered his child after its birth. Should a different rule apply while the child is *in esse in ventre sa mere?* I think not. Concededly, prenatal care is not only for the welfare of the mother but also of the child.

Even though there had been no marriage and the child was born out of wedlock, the putative father nevertheless would be responsible for the lying-in expenses as well as the prenatal care of the child. (Domestic Relations Law, § 120; *People* v. *Fermoile,* 236 App. Div. 388.) How then can liability for services rendered the wife be escaped upon the grounds that the parents were living apart when the pregnant mother needed hospitalization?

As to the interlocutory decree of annulment, I do not see how that decree entered in July, 1953, can affect conditions back in December, 1951, and January and February, 1952, when the services sued for were rendered.

Judgment, accordingly, as prayed for in the complaint is granted to plaintiff together with costs.