■ CAROLINE M. FINGER, Appellant, v. JOSEPH C. FINGER, JR., Respondent. — In an action for separation or divorce, plaintiff appeals from an order of the Supreme Court, Queens County, entered October 15, 1971, which granted her motion for temporary alimony and child support and a counsel fee. On this appeal we have reviewed a further order of the same court, entered December 16, 1971, insofar as it granted plaintiff's motion to resettle said order of October 15, 1971 to the extent of directing defendant to make available to plaintiff, upon her request, any and all medical or hospital or health insurance plans he has available to him. Appeal from order of October 15, 1971 dismissed, without costs, as abandoned by plaintiff in her brief. Order of December 16, 1971 modified by adding thereto a provision directing defendant to pay, upon plaintiff's request, whatever sums are necessary to cover her entire hospitalization expenses and medical bills necessarily incurred as a result of her pregnancy and expectation of a fourth child of the parties. As so modified, order affirmed insofar as reviewed, without costs. That we have the authority to consider the issue presented as a result of the resettled order is unquestioned (CPLR 5517, subd. [b]), even though plaintiff has only appealed from the original order. Defendant is liable for the support of his wife and children (Domestic Relations Law, § 32, subds. 1, 2), which includes expenses for medical services necessarily rendered on their behalf. A different rule should not apply where the child is *in esse in ventre sa mere* (*Huntington Hosp. Assn.* v. *Halaby*, 204 Misc. 745). Thus, we conclude that defendant is responsible for plaintiff's lying-in expenses even though they are living separate and apart from each other. To hold otherwise, would be an injustice to plaintiff. Shapiro, Acting P. J., Gulotta, Christ and Brennan, JJ., concur.

■ In the Matter of the CITY OF NEW YORK, Respondent, Relative to Acquiring Title to Real Property for Parks and Park Additions Along Northern Boulevard between Cross Island Parkway and 231st Street, in the Borough of Queens. ALLEY POND REALTY, INC., et al., Appellants.— In a condemnation proceeding, certain claimants appeal, as limited by their notice of appeal and their brief, from so much of the third separate and last partial final decree of the Supreme Court, Queens County, dated June 26, 1967, as relates to compensation to be paid for improvements on Damage Parcels 21, 22, 23, 25, E25, 26, E26, 27, E27, 29 and E29. Decree affirmed insofar as appealed from, with costs and without prejudice to an application by claimants to resettle the decree or other appropriate proceeding by them to raise the question of the rate of interest allowable. The question of the rate of interest allowable was not presented by the notice of appeal herein. Latham, Acting P. J., Shapiro, Gulotta and Brennan, JJ., concur.