■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ROBERT BREWSTER, Appellant.— Judgment, Supreme Court, New York County, rendered on June 27, 1972, convicting defendant, upon his plea of guilty of criminal possession of a dangerous drug in the fifth degree, unanimously reversed, on the law, and the matter remanded for an evidentiary hearing, as indicated herein. Defendant was sentenced to an indeterminate term of imprisonment not to exceed three years. The District Attorney concedes that a factual issue exists as to whether a one-year sentence promise was, in fact, made to defendant, which induced him to plead guilty, and that an evidentiary hearing is necessary in order to determine this issue. Concur — Kupferman, J. P., Murphy, Lane, Tilzer and Capozzoli, JJ.

■ MERLING, MARX, & SEIDMAN, INC., Respondent, v. DYNAMIC CLASSICS, LTD., Appellant.— Order, Supreme Court, New York County, entered January 11, 1973, unanimously reversed, on the law, and the plaintiff-respondent's motion for partial summary judgment denied. Appellant shall recover of respondent $60 costs and disbursements of this appeal. In an endeavor to compromise plaintiff-respondent's claim for work, labor, services and materials furnished, defendant's attorney wrote a letter to his adversary offering a certain amount in full settlement. Special Term granted partial summary judgment in this amount. The letter is incapable of construction as an admission of liability but must be limited to its function as part of a settlement negotiation. Concur — Markewich, J. P., Murphy, Lane and Macken, JJ.

■ BENJAMIN REDMOND, as a Director and Stockholder of B. REDMOND & SON, INC., Respondent, v. SANFORD REDMOND et al., Appellants, and B. REDMOND & SON, INC., Defendant. BENJAMIN REDMOND, Individually and as a Director and Stockholder of Chiplets, Incorporated, Respondent, v. SANFORD REDMOND et al., Appellants, and CHIPLETS, INCORPORATED, Defendant.— Orders, Supreme Court, Bronx County, each entered on September 8, 1972, granting plaintiff's motion in each of the entitled actions, for a preliminary injunction restraining the defendants-appellants from voting for or adopting any resolution for the removal of plaintiff as treasurer of B. Redmond & Son, Inc., and as treasurer of Chiplets, Incorporated, unanimously reversed, on the law, the facts, and in the exercise of discretion and the motions are denied, without costs and without disbursements. It appearing that an early trial should be had herein, and the parties, upon the argument of the appeal having expressed their consent thereto, a prompt trial is directed. The record fails to support plaintiff's clear right to the relief demanded. (See *Ultra Fuel Corp.* v. *Johnston*, 30 A D 2d 801.) Issues of fact are raised with respect to plaintiff's loyalty to the corporations and accordingly, the stockholders' agreement may not, in and of itself, constitute a bar to plaintiff's removal as an officer or director (see *Fells* v. *Katz*, 256 N. Y. 67, 72). Moreover, the statutory grounds justifying issuance of the preliminary injunction have not been satisfied. Plaintiff's right, for example, to continue as treasurer of the two corporations does not involve the subject matter of these actions — which are brought in respect of defendants' alleged mismanagement and waste. (CPLR 6301; *Babho Realty Co.* v. *Feffer*, 230 App. Div. 866.) Concur — Kupferman, J. P., Murphy, Lane, Tilzer and Capozzoli, JJ.