■ CASE PRESS, INC., Respondent, v KENNAI DRILLING LIMITED, Appellant.—Order of the Supreme Court, New York County, entered June 14, 1976, granting plaintiff's motion for partial summary judgment, and judgment entered thereon June 28, 1976, and denying defendant's cross motion for summary judgment, modified, on the law, so as to deny plaintiff's motion and vacate said judgment, and otherwise affirmed, without costs. In this action for *quantum meruit,* plaintiff's motion was predicated upon its claim of admissions in defendant's amended answer and supporting affidavits. Defendant's allegations, when viewed in the context of the negotiations between the parties, amounted at most to an assertion by defendant that it was agreeable to pay a maximum of $18,115 in settlement of the printing bill, providing plaintiff accepted such offer in substitution for and payment of all of defendant's obligations. The offer may not be used as an admission of liability *(Merling, Marx & Seidman v Dynamic Classics,* 42 AD2d 542). In these circumstances defendant's allegations cannot be construed as an unqualified admission of liability in the sum of $18,115 *(Fleder v Itkin,* 294 NY 77, 83–84), inasmuch as it is plaintiff's contention that it rejected the settlement. Furthermore, defendant claimed that the work performed was not worth $18,115. Plaintiff may not utilize as admissions in their favor those parts of the answer favorable to their contention and refuse to be bound by those parts that are unfavorable *(Green v Messing,* 236 App Div 107, 111; *City Bank Farmers Trust Co. v Roosen,* 251 App Div 437, 440). Defendant's cross motion for summary judgment was properly denied because there was at least a triable issue of fact as to whether the parties entered into a novation or modification of their previous agreements so as to limit defendant's liability to a ceiling of $18,115. Concur—Lupiano, Birns and Lane, JJ.; Kupferman, J. P., and Silverman, J., dissent in the following memorandum: We would modify the judgment appealed from so as to reduce the grant of partial summary judgment to plaintiff from $7,315 to $6,615, and otherwise affirm. Whether we accept plaintiff's version of the facts or defendant's version, defendant owed the plaintiff a minimum of $17,415 (if not the $18,115 which Special Term accepted). Subtracting from this figure the $10,800 previously awarded by partial summary judgment, $6,615 is the minimum additional partial summary judgment to which plaintiff is entitled.