■ FIREDOOR CORPORATION OF AMERICA, Respondent, v RELIANCE ELECTRIC COMPANY, HAUGHTON ELEVATOR DIVISION, Appellant, et al., Defendants. —Order, Supreme Court, Bronx County, entered April 27, 1976, which granted plaintiff's motion for partial summary judgment in the sum of $1,869, with interest, on its first cause of action; severed plaintiff's remaining cause of action and the defendant-appellant's counterclaims and directed that the action continue as to the balance claimed to be due plaintiff on its first cause of action and stayed entry of partial judgment pending determination of the remaining causes and counterclaims, unanimously reversed, on the law; the order of said court, entered August 12, 1976, denying plaintiff's motion for reargument and defendant-appellant's cross motion to renew (although denominated as one to reargue) is unanimously modified, on the law, to the extent of granting the cross motion to renew, and upon such renewal the order granting plaintiff's motion for partial summary judgment is reversed as aforesaid, and plaintiff's motion for partial summary judgment denied; Appellants shall recover of respondent $60 costs and disbursements of this appeal. Initially, it is noted that under CPLR 5517 (subd [b]) this court, in reviewing the order entered April 27, 1976, which was appealed from, may also review the subsequent order of Special Term entered August 12, 1976 denying defendant-appellant's cross motion to renew which was inadvertently termed as seeking reargument. A motion based on additional facts, such as a motion to renew, clearly is embraced within CPLR 5517 (subd [a], par 3). Of course "If a timely appeal *has* in fact been taken from the subsequent order, there is no need for this remedy; in such event, CPLR 5517 is inapplicable and the case law generally dismisses a contemporaneous appeal from the original order as 'academic' " (7 Weinstein-Korn-Miller, NY Civ Prac, par 5517.01). Under the circumstances herein, it is entirely appropriate that we additionally review the subsequent order denying the cross motion to renew, as perusal of the affidavit of defendant-appellant's general construction manager proffered upon the cross motion for "reargument" discloses evidentiary matter not theretofore submitted or considered by Special Term *(Matter of Raynor v Allegheny Ludlum Steel Corp.,* 36 AD2d 1007; *Silinsky v State-Wide Ins. Co.,* 30 AD2d 1; see *Finger v Finger,* 38 AD2d 956; *Royce v Rymkevitch,* 29 AD2d 1029). Plaintiff, who manufactures and supplies metal doors, frames and elevator cabs, was defendant-appellant's subcontractor on projects involving the installation of elevators. Defendant erects and installs elevators in buildings. During the course of business between the parties, plaintiff submitted a bill in July, 1975 for $5,960.82. Defendant-appellant sent a check for $1,869 conditioned as "final payment", which was rejected. Plaintiff, after placing a mechanic's lien on the project involved herein, commenced the instant action for $5,960.82 and moved therein for partial summary judgment in the amount of $1,869, based on the fact that defendant-appellant

had issued its check to plaintiff in that sum. On motions for summary judgment, both parties must submit their proofs *(Indig v Finkelstein,* 23 NY2d 728). Plaintiff's proof is bottomed on the issuance of defendant's check. The defense is that plaintiff's finished work was defective and had not been satisfactorily completed. To correct the defects, defendant asserts that it was required to spend some $23,000, with an additional $17,000 in future repairs. The issuance of the check does not, by itself, constitute a predicate for summary judgment. Where one party mails a check in an attempt to settle a disputed claim, and the other party returns the check, the mailing of the check is deemed an offer to compromise which, having been refused, cannot be used as an admission of liability *(Case Press v Kennai Drilling,* 55 AD2d 590; *Merling, Marx & Seidman v Dynamic Classics,* 42 AD2d 542; *Union Bank of Brooklyn v Deshel,* 139 App Div 217). The check by its very terms was conditional. "Issue-finding, rather than issue determination, is the key to the procedure" in a summary judgment motion *(Esteve v Abad,* 271 App Div 725, 727). On this record, plaintiff avers that it properly did the work and is entitled to payment, whereas defendant declares that plaintiff did not properly perform and is not, therefore, entitled to the payment claimed. Clearly, summary judgment is not warranted. Settle order on notice. Concur—Stevens, P. J., Lupiano, Birns, Capozzoli and Markewich, JJ.