### (April 13, 1978)

■ CLAIRE TOPPER, Appellant-Respondent, v MUTUAL LIFE INSURANCE COMPANY OF NEW YORK, Respondent-Appellant.—Resettled order, New York County, entered October 18, 1977, denying defendant's motion for summary judgment dismissing the first and second causes of action in the complaint, denying plaintiff's cross motion for summary judgment on the first cause but granting the cross motion on the second cause unanimously modified, on the law, by reversing so much thereof as granted plaintiff's cross motion on the second cause, by denying that branch of the cross motion, and by granting

defendant's motion for summary judgment dismissing and severing the first and second causes of action in the complaint, and, as modified, otherwise affirmed, without costs and without disbursements. Defendant's appeal from the order, Supreme Court, New York County, entered July 5, 1977, unanimously dismissed, without costs and without disbursements, as academic, since that order was superseded by the resettled order, entered October 18, 1977. Although plaintiff filed a notice of appeal only from the order, entered July 5, 1977, the resettled order may be reviewed on the appeal from the original order. (CPLR 5517, subd [b]; *Finger v Finger,* 38 AD2d 956.) The plaintiff was terminated as an employee of the defendant on May 1, 1974. At that time, the salary continuance plan was in force and controlled the benefits the plaintiff might possibly receive upon her termination. That plan was voluntarily established and entirely funded by the defendant. To the extent here relevant, the plan provided that the defendant had sole discretion in the granting of benefits thereunder. The plaintiff's right, if any, to recover under this voluntary plan was governed strictly by the terms set by the defendant *(Fernekes v CMP Inds.,* 13 NY2d 217, 224; *Stanley v Caltex Petroleum Corp.,* 63 Misc 2d 780, affd 37 AD2d 1049). The defendant, in the exercise of its discretion, chose not to award the plaintiff any benefits under the plan upon her termination. The defendant's decision in this regard is final and may not be effectively challenged by the plaintiff under either the first or second causes of action. *(McNevin v Solvay Process Co.,* 32 App Div 610, affd 167 NY 530; *Korb v Brooklyn Edison Co.,* 258 App Div 799.) In passing, we also note that the nondiscretionary termination provision in the termination allowance plan expired on June 30, 1973, and thus, could not serve as a predicate for imposing liability in this proceeding. Since neither party moved for summary relief with regard to the third cause, we do not consider that matter for the first time upon this appeal. Concur—Murphy, P. J., Birns, Fein, Lane and Lynch, JJ.