■ MERYL F. TREPUK et al., Appellants, v NORMAN D. FRANK, Individually and as Executor of JOSEPH STEINHARDT, Deceased, Respondent. — Order of the Supreme Court, New York County (Kirschenbaum, J.) entered March 2, 1981, granting summary judgment to defendant, with costs. This case arises out of a fraud allegedly committed by defendant some 55 years ago while acting as one of the executors of his stepfather's estate. Plaintiff Trepuk is defendant's sister. Both are stepchildren of Joseph H. Steinhardt, the deceased. The other plaintiffs are Trepuk's son and the estate of a deceased son. The deceased died in December, 1926. His will was admitted to probate in February, 1927. Thereafter defendant qualified as one of the two executors of his

estate. It is contended that the executors filed a false estate tax return, which indicated that the estate was insolvent; that they falsely represented that the stock of a corporate owner of real property of which deceased was the sole shareholder was worthless and that the remaining assets of that corporation were worth $35,146.44, whereas they were worth considerably more; that the stock in a produce corporation of which deceased was a 50% shareholder was worthless, and that a leasehold held by deceased could be sold only at one half its value and therefore resulted in a liability to the estate in an amount in excess of $20,000. Plaintiffs assert that defendant converted the assets of the estate to his own use and they seek an accounting and damages. As indicated in the dissent of our brother Kupferman, a motion was made to dismiss the complaint bottomed on the claim that the action was barred by the Statute of Limitations. Ultimately, the complaint was upheld (44 NY2d 723). After some discovery, and after the case had been placed on the calendar, defendant moved for summary judgment. Special Term granted the motion. We affirm. It is axiomatic that upon a motion for summary judgment, issue finding rather than issue determination is the key (*Firedoor Corp. of Amer. v Reliance Elec. Co., Haughton Elevator Div.,* 56 AD2d 523). To demonstrate the existence of an issue of fact, one is required to lay bare his proof. However, here plaintiffs have done no more than make reference to their complaint and the prior holding of the Court of Appeals. On the other hand, defendant has appended to his papers the report of the transfer tax appraiser showing the value of each item of property possessed by Steinhardt at the time of his death. Additionally, there is appended the order of the Surrogate approving that report. In their brief to this court plaintiffs make reference to a sworn statement by one Ludwig Levey "an employee of the Defendant's Corporation for 46 years and treasurer for 30 years, [as] presenting a clear triable issue". Levey's affidavit is not part of the record nor is any reference to its content made in the brief. Again, reference is made to "direct and expert testimony". However, not only is no affidavit except that of Trepuk submitted; there is no indication of what is expected to be proven by direct testimony and what is expected to be proven by expert testimony. In sum, there is no evidence that any issue of fact exists. While fraud, like negligence, is essentially a jury question, on a motion for summary judgment some tangible evidence indicating the existence of an issue of fact must be submitted. In the absence of such evidence summary judgment is warranted (*Andre v Pomeroy,* 35 NY2d 361). Plaintiffs rely heavily on the prior determination of the Court of Appeals to defeat this motion. However, that determination held only that there was no proof that plaintiffs actually discovered the "fraud" prior to 1973, a year before the action was brought. That proof was sufficient to warrant a holding that the action was not time barred. Concur — Sullivan, Lupiano and Bloom, JJ.; Kupferman, J. P., and Birns, J., dissent in separate memoranda as follows.

Kupferman, J. P. (dissenting). In view of the determination of the Court of Appeals (44 NY2d 723, revg 58 AD2d 556), this matter should not be decided on summary judgment and should be remanded for trial.

Birns, J. (dissenting). The complaint in this action, verified in March, 1974, alleges extensive wrongdoing in connection with the probate of the estate of Joseph Steinhardt, who died on December 11, 1926. Under the terms of Steinhardt's will, Norman and Milo Frank were named executors and also received all of decedent's 60% stock interest in Steinhardt & Kelly, Inc. Steinhardt also owned all the shares of Warren-Washington Realty Corp., an entity holding title to 273 Washington Street in Manhattan. The will bequeathed all the shares of Warren-Washington Realty Corp. to the executors, in trust, with income thereof to be paid to the testator's widow and upon her

death in equal one-third shares to plaintiff Meryl Frank Trepuk and executors Norman and Milo Frank. The other plaintiffs, Ms. Trepuk's children, were to receive $1,000 plus accrued interest from a trust administered by defendant. It is alleged that defendant's fraudulent actions as executor deprived the plaintiffs of any benefit under the Steinhardt will. These alleged actions include selling a leasehold on 1010 Fifth Avenue held by decedent at one half the rental income under said lease; secretly placing a $21,000 mortgage on the 273 Washington Street property; evaluating the real property at said address held by Warren-Washington Realty Corp. at barely 10% of its taxable assessed value, causing an evaluation of the corporate shares as worthless and an understatement of the assets of the estate to the point where a net deficit resulted. Further, it is claimed that defendant engaged in self-dealing and an act of conversion in then transferring all the assets of Warren-Washington Realty Corp. held in trust, to Steinhardt & Kelly, Inc., owned and controlled by the executors by virtue of the bequest provisions of the will heretofore described. The Court of Appeals reinstated this complaint after this court had dismissed the action as barred by the Statute of Limitations (44 NY2d 723, revg 58 AD2d 556). Defendant then moved for summary judgment. In a three-page affidavit, defendant asserted in relevant part: "There is no iota of factual basis to her complaint. My attorney advises me that he most recently completed discovery proceedings and that during the course thereof plaintiffs failed totally and completely to demonstrate in any way whatsoever that there exists the slightest proof in support of the allegations in the complaint." Attached to the moving affidavit was a 1930 order of the Surrogate's Court exempting the transfer of estate property from tax, apparently on the basis of defendant's accounting indicating a net deficit for the estate. Plaintiff's papers in opposition were, it is true, worthless as they failed to competently raise any facts in support of the complaint. Nonetheless, the majority errs in dismissing the action on the basis of the "insufficiency" of plaintiffs' opposition papers. CPLR 3212 (subd [b]) requires that an affidavit supporting a motion for summary judgment "shall recite all the material facts; and it shall show that * * * the cause of action * * * has no merit." Just as a plaintiff moving for summary judgment must present a prima facie case before defendant is obliged to demonstrate the existence of a triable issue of fact (see *Bethlehem Steel Corp. v Solow*, 51 NY2d 870), so too must a defendant moving for summary judgment seeking dismissal of the complaint first demonstrate by competent evidence "the cause of action has no merit" before plaintiff bears the burden of rebuttal. CPLR 3212 (subd [b]) goes on to state, "The motion shall be granted if, upon all the papers and proof submitted, the * * * defense shall be established sufficiently to warrant the court as a matter of law in directing judgment in favor of any party." No such finding can be made in this case. Defendant's papers, as much as plaintiffs', were wanting in terms of proof of matters relevant to the complaint. There was no attempt by defendant to come to grips with the specified allegation of the verified complaint which itself may be treated as an affidavit (see CPLR 105, subd [s]). Rather than broach the topic of the ultimate disposition of the assets of the estate, particularly Warren-Washington Realty Corp., as to which movant surely had knowledge, defendant asserted in the most conclusory fashion that the complaint had no factual support. There is not even any denial of wrongdoing. What is presented in the moving papers is a studied evasion of the allegations of wrongdoing contained in the verified complaint. I cannot agree that this evasion should be rewarded with ultimate victory in this litigation.