■ MERYL F. TREPUK et al., Respondents, v NORMAN D. FRANK, Individually and as Executor and Trustee of JOSEPH STEINHARDT, Deceased, by S. ALICE FRANK, Individually and as Administratrix C. T. A. of the Estate of NORMAN D. FRANK, Deceased, et al., Appellants.—Decree of surcharge, Surrogate's Court, New York County (Marie Lambert, S.), entered October 11, 1989, which, after a nonjury trial, dismissed the defendants' affirmative defenses and counterclaims and granted judgment to the plaintiffs against defendant S. Alice Frank in the amount of $111,000 plus interest from November 28, 1961, unanimously affirmed, without costs. Orders of the same court and the same Surrogate, entered on October 2, 1989 and February 15, 1990, respectively, which denied the defendants' respective motions seeking to vacate or set aside the court's decision, unanimously affirmed, without costs.

The underlying action arises out of a fraud allegedly committed some 63 years ago by defendant Norman Frank, now deceased, while acting as one of the executors of the estate of his stepfather, Joseph Steinhardt. The procedural history of this action, which was twice dismissed by this court and twice revived by the Court of Appeals, is set forth in detail in the prior court decisions. *(Trepuk v Frank,* 58 AD2d 556, *revd* 44 NY2d 723, *later appeal* 86 AD2d 578, *revd* 56 NY2d 779, *later appeal* 104 AD2d 780.)

Briefly, in 1974, plaintiff Meryl Frank Trepuk and her two sons, Joseph N. Gidding, deceased, and Nelson R. Gidding, commenced the underlying action against Ms. Trepuk's late brother, defendant Norman D. Frank, alleging fraud in administration of the estate of their stepfather, Joseph Steinhardt. The decedent died on December 11, 1926, leaving a last

will and testament, admitted to probate in February of 1927, providing for the creation of several trusts to benefit his wife, Lola, his stepchildren, coexecutors Norman and Milo Frank, and the plaintiffs.

The documentary evidence and testimony adduced at trial support the Surrogate's determination that the defendant, S. Alice Frank, in her capacity as the administratrix *c. t. a.* of defendant Norman Frank's estate, was liable to the plaintiffs for the sum of $111,000, representing the unaccounted proceeds of mortgages placed by the executors on the decedent's 273 Washington Street property after his death, and the difference between the value obtained by defendant Norman Frank for estate tax purposes, together with interest at the statutory rate from the date of death of the decedent's widow on November 28, 1961.

Defendants' affirmative defenses based upon the Statute of Limitations and the plaintiffs' alleged laches, having previously been considered and rejected by the Court of Appeals, were therefore properly dismissed by the Surrogate. *(Trepuk v Frank,* 44 NY2d 723, 724, *supra.)*

Finally, we find that the defendants failed to provide adequate support for their vacatur motions based upon the time limitation for rendering a decision set forth in CPLR 4213 (c) and upon the alleged appearance of bias by the Surrogate. Concur—Murphy, P. J., Kupferman, Milonas, Ellerin and Rubin, JJ.