■ JACK C. HIRSCH, INC., Appellant, v TOWN OF NORTH HEMPSTEAD, Respondent. (Action No. 1.) BARLO EQUIPMENT

Corporation, Plaintiff, v Jack C. Hirsch, Inc., Appellant. (Action No. 2.)—In separate actions to recover damages for "work, labor, and services performed and materials furnished" pursuant to a plumbing contract and a subcontact, the plaintiff in Action No. 1, appeals from an order of the Supreme Court, Nassau County (O'Shaughnessy, J.), dated March 2, 1990, which (1) denied its motion to consolidate the actions, and (2) granted the cross motion of the defendant in Action No. 1 for summary judgment dismissing the complaint in that action.

Ordered that the order is affirmed, with costs.

The appellant Jack C. Hirsch, Inc. (hereinafter Hirsch), a general contractor, commenced Action No. 1 against the defendant Town of North Hempstead (hereinafter the Town) to recover the sum of $67,455.22 for work, labor, materials and services performed in connection with a plumbing contract. The Town, in its answer, interposed the affirmative defense of breach of contract and, thereafter, moved for summary judgment dismissing the complaint. In support of its motion, the Town introduced statements made by Hirsch in a counterclaim made in a separate action brought against Hirsch by a subcontractor. Those statements admitted that the work performed on the site did not conform with the specifications of the contract between Hirsch and the Town. In opposition to the motion, Hirsch submitted an affidavit which also admitted that it did not properly perform its agreement with the Town.

Hirsch argues that the statements made by it in a pleading in a separate action are not a proper basis for dismissal of its action against the Town. We disagree. An admission in a pleading in one action is admissible against the pleader in another suit, provided that it can be shown that the facts were alleged with the pleader's knowledge or under his direction (see, Richardson, Evidence § 217 [Prince 10th ed]; Fisch, Evidence § 804 [2d ed 1977]; *Cook v Barr*, 44 NY 156). Furthermore, such an admission is "open to * * * explanation" and is "not conclusive" (*Walsh v New York Cent. & Hudson Riv. R. R. Co.*, 204 NY 58, 66; *Talbot v Laubheim*, 188 NY 421). Here, it is clear that the facts alleged in the counterclaim were made with Hirsch's knowledge since the pleading was verified and the allegations were not made upon information and belief. Furthermore, we find that the affidavit submitted in opposition to the summary judgment motion was sufficient, with other proof, to establish that Hirsch breached its contract with the Town. Accordingly, since there are no material

and triable issues of fact, summary judgment was properly granted.

We find the parties' remaining contentions to be without merit. Kunzeman, J. P., Sullivan, Balletta and Copertino, JJ., concur.