OPINION OF THE COURT
Memorandum.
Final judgment unanimously affirmed without costs.
Appeal from order dated October 31, 2001 unanimously dismissed as superseded.
Order dated February 15, 2002 unanimously reversed without costs and matter remanded to the court below for a determination de novo of tenant’s motion for renewal with regard to landlord’s motion to vacate the stay of the warrant of eviction.
Appeal from order dated March 20, 2002 unanimously dismissed as no appeal lies from an order setting the matter down for a hearing.
Appeal from order dated April 12, 2002, as limited by the brief, unanimously dismissed as moot.
In this summary holdover proceeding, based on tenant’s failure to cure a cluttered premises, we reject tenant’s claim that the court denied him his right to a 10-day cure (RPAPL 753 [4]). While the court appears to have erroneously concluded that a nuisance adjudication based on clutter in the subject premises precludes application of RPAPL 753 (4) (169 Realty LLC v Wolcott, 2003 NY Slip Op 51371[U] [App Term, 2d & 11th Jud Dists]; Trump Vil. Section 3 v Birnbaum, 2002 NY Slip Op 50646[U], *2 [App Term, 9th & 10th Jud Dists] [staying indefinitely the warrant of eviction per RPAPL 753 (4) on proof *31 tenant “cure(d) the cluttered conditions existing in her apartment”]; see also Lincoln Terrace Assoc. v Snow, NYLJ, Nov. 28, 1983, at 5, col 3 [App Term, 1st Dept]), the court stayed the warrant of eviction, until at least October 4, 2001, when landlord was permitted to inspect the premises and thereafter move to vacate the stay should the nuisance remain unabated. Thus, tenant was not, in effect, denied a cure period pursuant to RPAPL 753 (4). Inasmuch as tenant raises no other appellate issues concerning the propriety of the final judgment, by which he would be aggrieved, we affirm said final judgment.
When landlord subsequently moved to vacate the stay of the execution of the warrant of eviction based on tenant’s alleged failure to abate the nuisance within the 17-day cure period afforded by the court’s September 17, 2001 order and final judgment, tenant’s guardian ad litem failed to attend the proceedings to consider landlord’s motion. Under the circumstances herein, inter alia, the elderly tenant’s 36-year occupancy of a rent-controlled premises, the motion of tenant’s first trial counsel, citing tenant’s limited communicative and cognitive aptitudes, to be relieved only a week prior to the October 31, 2001 proceedings to determine whether tenant had timely cured the nuisance, and the unrebutted proof that tenant, assisted by new counsel, substantially cured the nuisance within days of the October 31, 2001 order vacating the September 17, 2001 stay, we cannot say that the absence of meaningful assistance to cure the nuisance in the period afforded by the court and the guardian’s absence from the October 31, 2001 proceeding was harmless to tenant’s interests. We note that there is also a question as to whether the landlord properly advised the tenant’s guardian ad litem of the continued existence of the nuisance. Accordingly, the order of February 15, 2002 denying tenant’s motion for renewal must be reversed and the matter remanded for determination de novo of said motion.
The appeal from the October 31, 2001 order granting landlord’s motion to vacate the warrant of eviction is dismissed as superseded (Firedoor Corp. of Am. v Reliance Elec. Co., Haughton El. Div., 56 AD2d 523 [1977]; Weinstein-Korn-Miller, NY Civ Prac ¶ 5517.01). The appeal from the March 20, 2002 order is dismissed as no appeal lies from an order setting the matter down for a hearing to aid in the disposition of a motion *32 (Matter of Manufacturers Hanover Trust Co. v Porcelli, 111 AD2d 175 [1985]). Moreover, in view of the foregoing, the appeal from the April 12, 2002 order is dismissed as moot.
Pesce, EJ., Patterson and Rios, JJ., concur.