In an action to recover damages for personal injuries, the defendant City of New York appeals from an order of the Supreme Court, Queens County (Kerrigan, J.), entered November 25, 2011, which granted the plaintiffs motion for summary judgment on the first cause of action insofar as asserted against it.
Ordered that the order is reversed, on the law, with costs, and the plaintiffs motion for summary judgment on the first cause of action insofar as asserted against the defendant City of New York is denied.
The plaintiff alleged in his first cause of action that he had been assaulted by the defendant Jamel Dennis, alleged to be a police officer employed by the defendant City of New York. In the City’s answer, filed only on its own behalf, the City denied “knowledge or information sufficient to form a belief with respect to the truth of the allegations” set forth in the paragraphs of the complaint alleging that Dennis was a police officer and that Dennis was acting within the scope of his employment. As a tenth affirmative defense, the City asserted that “such acts as were committed by law enforcement in the employ of the City of New York in the scope of their employment were justified.”
The plaintiff moved for summary judgment against the City on the first cause of action, submitting a certificate of disposition from the Supreme Court, Queens County, indicating that Dennis had been convicted of assault in the third degree and reckless endangerment in the second degree in connection with the assault at issue. The plaintiff contended that the tenth affirmative defense constituted an admission that Dennis had been acting within the scope of his employment. The Supreme Court granted the motion.
The Supreme Court erred in granting the motion. The City’s *585 affirmative defense was that “such acts as were committed . . . in the scope of employment were justified.” In light of the conditional nature of this language, and the City’s denials that Dennis had in fact been acting within the scope of his employment, the City’s tenth affirmative defense did not constitute an admission. A plaintiff may not deem those allegations set forth in an answer that are favorable to him or her to be admissions, while refusing to be bound by those allegations that are unfavorable (see Case Press v Kennai Drilling, 55 AD2d 590 [1976]; Green v Messing, 236 App Div 107, 111 [1932]).
The parties’ remaining contentions either are without merit or have been rendered academic in light of our determination. Rivera, J.E, Hall, Cohen and Miller, JJ., concur.