██ March Associates Construction, Inc., et al., Respondents, v CMC Masonry Construction et al., Defendants, and Blue Ridge Construction, Inc., et al., Appellants. [58 NYS3d 423]—

In an action, inter alia, for a judgment declaring that the defendants Blue Ridge Construction, Inc., Peerless Insurance Company, Netherlands Insurance Company, and Excelsior Insurance Company are obligated to indemnify the plaintiffs in an underlying wrongful death action entitled *Grana v March Assoc. Constr.*, pending in the Supreme Court, Orange County,

under index No. 3765/09, the defendants Blue Ridge Construction, Inc., Peerless Insurance Company, Netherlands Insurance Company, and Excelsior Insurance Company appeal, as limited by their brief, from so much of an order of the Supreme Court, Orange County (Marx, J.), dated August 7, 2013, as granted that branch of the plaintiffs' motion which was for summary judgment on their cause of action for a judgment declaring that the plaintiffs are entitled to common-law indemnification against the defendant Blue Ridge Construction, Inc., and reimbursement in the sum of $300,000 from the defendant Excelsior Insurance Company pursuant to an insurance policy issued by Excelsior Insurance Company to Blue Ridge Construction, Inc., and denied their cross motion for summary judgment for a declaration in their favor on that cause of action.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the plaintiffs' motion which was for summary judgment on their cause of action for a judgment declaring that they were entitled to common-law indemnification from the defendant Blue Ridge Construction, Inc., and reimbursement in the sum of $300,000 from the defendant Excelsior Insurance Company pursuant to an insurance policy issued by Excelsior Insurance Company to Blue Ridge Construction, Inc., and substituting therefor a provision denying that branch of their motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

Lowe's Home Improvement Center (hereinafter Lowe's) entered into a contract with March Associates Construction, Inc. (hereinafter March; hereinafter together the respondents), to serve as the general contractor in the building of its new store in Chester. March entered into a contract with CMC Masonry Construction (hereinafter CMC) to perform the masonry work on the project. In the summer of 2008, CMC dissolved and Blue Ridge Construction, Inc. (hereinafter Blue Ridge), took over its projects.

On or about October 25, 2008, Pier Grana (hereinafter the decedent) was working at the construction site for the new store completing some punch list items from the masonry subcontract when he fell approximately 18 to 20 feet from an extension ladder. He suffered traumatic brain injuries which led to his death.

The decedent's wife, on behalf of his estate and individually, commenced a wrongful death action against the respondents, alleging violations of Labor Law §§ 200, 240 (1), and 241 (6),

and common-law negligence. The respondents, in turn, commenced third-party actions against CMC and Blue Ridge seeking contractual and common-law indemnification.

Pursuant to a summary judgment motion made by the respondents, all causes of action against them in the underlying wrongful death action except the statutory violation claims under Labor Law § 240 (1) were dismissed. On or about March 8, 2010, the respondents commenced the instant action against, among others, Blue Ridge, its workers' compensation carrier, Netherlands Insurance Company (hereinafter Netherlands), its commercial general liability carrier, Excelsior Insurance Company (hereinafter Excelsior), and the parent company of Netherlands and Excelsior, Peerless Insurance Company (hereinafter Peerless; hereinafter collectively the appellants) seeking, inter alia, a judgment declaring that the defendants were obligated to indemnify them.

The wrongful death action was ultimately settled for $1,300,000. Netherlands paid $1,000,000 towards the settlement on behalf of its insured, Blue Ridge, and the respondents paid $300,000 towards the settlement. As a condition of the settlement, in order to avoid personal exposure of Blue Ridge, the respondents were required to discontinue all third-party claims against Blue Ridge. It was further stipulated that the settlement of the underlying wrongful death action would have "no effect whatsoever on the declaratory judgment action that is pending by [the respondents] against the entities in that action, and that action continues as it currently stands." The settlement agreement was placed on the record before the law clerk to Justice John K. McGuirk on March 7, 2011.

The respondents moved, inter alia, for summary judgment on their cause of action for a judgment declaring that they are entitled to common-law indemnification from Blue Ridge and reimbursement of the $300,000 settlement proceeds paid by them in the underlying wrongful death action from Excelsior, as Blue Ridge's general liability insurance carrier. The respondents argued, inter alia, that they were entitled to common-law indemnification from Blue Ridge and that, since Excelsior provided general liability coverage to Blue Ridge, they were entitled to reimbursement of the $300,000 from Excelsior. The appellants opposed the motion and cross-moved for summary judgment for a declaration in their favor on that cause of action, arguing that they had no obligation to defend, indemnify, or remit any payment to the respondents for any loss or expense incurred in the underlying wrongful death action. The appellants pointed out that Excelsior's general liability insur-

ance policy issued to Blue Ridge contained an exclusion for any injury sustained by an employee of Blue Ridge and maintained that the decedent was employed by Blue Ridge at the time he was injured. The appellants also contended that any claims for indemnity by the respondents were barred by the doctrine of res judicata because, in settling the wrongful death action, it was agreed that the indemnity claims against Blue Ridge were being discontinued with prejudice. In the order appealed from, the Supreme Court, inter alia, granted that branch of the motion of the respondents which was for summary judgment on their cause of action for a judgment declaring that they are entitled to common-law indemnification against Blue Ridge and reimbursement in the sum of $300,000 from Excelsior, and denied the appellants' cross motion for summary judgment for a declaration in their favor on that cause of action.

The respondents failed to establish their prima facie entitlement to judgment as a matter of law on their claim for common-law indemnification against Blue Ridge since they failed to eliminate all triable issues of fact as to the decedent's employment status as of the time of his accident. In support of their motion, the respondents submitted the appellants' answer, verified by counsel, in which they denied knowledge and information sufficient to form a belief as to the truth of the allegation in the complaint as to whether the decedent was injured during the course of his employment with Blue Ridge and asserted as their eighth affirmative defense, also upon information and belief, that the decedent was not acting as an employee of Blue Ridge at the time he sustained injury. They also submitted the appellants' verified bill of particulars in which the appellants asserted, upon information and belief, that the decedent was acting as an independent contractor at the time of the incident resulting in his death and was utilizing his own tools. While "[f]acts admitted by a party's pleadings constitute formal judicial admissions," and "[f]ormal judicial admissions are conclusive of the facts admitted in the action in which they are made" (*Zegarowicz v Ripatti*, 77 AD3d 650, 653 [2010]), the language of the appellants' answer and bill of particulars, verified by counsel and made "upon information and belief" did not constitute judicial admissions (*see Hollinden v City of New York*, 109 AD3d 584, 585 [2013]; *see also Sound Communications, Inc. v Rack & Roll, Inc.*, 88 AD3d 523, 524 [2011]; *cf. Jack C. Hirsch, Inc. v Town of N. Hempstead*, 177 AD2d 683 [1991]). Moreover, the respondents also submitted, in support of their motion, a transcript of the decedent's son's deposition in the underlying wrongful death action, during which the decedent's son testified that the decedent was a Blue Ridge

employee, and the Peerless claims file which repeatedly identified the decedent as Blue Ridge's employee and indicated that the decedent's estate received workers' compensation benefits under Blue Ridge's workers' compensation policy. Consequently, the Supreme Court should have denied that branch of the respondents' motion which was for summary judgment on their cause of action for a judgment declaring that they are entitled to common-law indemnification against Blue Ridge and reimbursement in the sum of $300,000 from Excelsior, as Blue Ridge's general liability insurance carrier.

However, the Supreme Court properly denied the appellants' cross motion for summary judgment for a declaration in their favor on that cause of action. On their cross motion, the appellants failed to establish their prima facie entitlement to judgment as a matter of law. Contrary to the appellants' contention, the March 7, 2011, stipulation of settlement of the underlying wrongful death action did not bar the respondents' common-law indemnification cause of action insofar as asserted against them. Based upon the plain language of the stipulation of settlement, the respondents agreed to discontinue with prejudice only the third-party claims against Blue Ridge asserted in the underlying wrongful death action, and Blue Ridge agreed that the settlement of the underlying wrongful death action would have "no effect whatsoever" on the instant declaratory judgment action, which would proceed against all parties (*see generally Stein v Stein*, 130 AD3d 604 [2015]; *Matter of Hanlon v Hanlon*, 62 AD3d 702 [2009]; *Linsalato v Giuttari*, 59 AD3d 682 [2009]). "Parties are free to chart their own procedural course by stipulation" (*Palmieri v Town of Babylon*, 87 AD3d 625, 626 [2011]). "[I]n fashioning the basis upon which a particular controversy will be resolved, [the parties] 'may stipulate away statutory, and even constitutional rights' " (*1420 Concourse Corp. v Cruz*, 135 AD2d 371, 372 [1987], quoting *Mitchell v New York Hosp.*, 61 NY2d 208, 214 [1984]; *see Goldberger v Eisner*, 90 AD3d 835 [2011]). Therefore, the appellants' standing and res judicata defenses may not be used to avoid the consequences of the stipulation (*see generally Watts v Swiss Bank Corp.*, 27 NY2d 270, 277 [1970]; *Matter of State of New York v Seaport Manor A.C.F.*, 19 AD3d 609 [2005]).

Moreover, on their cross motion, the appellants also failed to eliminate all triable issues of fact as to the decedent's employment status as of the time of his accident. The appellants argued that there was no coverage under the commercial general liability policy issued to Blue Ridge since the respondents' common-law indemnity claim arose from an injury sustained

by its insured Blue Ridge's employee, the decedent. However, in support of their cross motion, the appellants submitted a copy of Blue Ridge's verified third-party answer to the second third-party complaint in the underlying wrongful death action in which Blue Ridge denied that the decedent was its employee. "An admission in a pleading in one action is admissible against the pleader in another suit, provided that it can be shown that the facts were alleged with the pleader's knowledge or under his direction" (*Jack C. Hirsch, Inc. v Town of N. Hempstead*, 177 AD2d at 684).

Further, the appellants failed to eliminate all triable issues of fact as to whether Blue Ridge was negligent. A violation of a safety regulation may be considered as some evidence of negligence (*see Bauer v Female Academy of Sacred Heart*, 97 NY2d 445, 453 [2002]; *Cruz v Long Is. R.R. Co.*, 22 AD3d 451 [2005]). Here, in support of their motion, the respondents submitted the appellants' claims files, which demonstrated that violations were issued against Blue Ridge under OSHA by the Department of Labor in connection with the decedent's accident, which serves as evidence of Blue Ridge's negligence, and that Blue Ridge sent the decedent to the work site with the ladder and did not provide another employee to assist the decedent with the work. In support of its cross motion, the appellants did not present any evidence to contradict this evidence.

The appellants' remaining contentions are either improperly raised for the first time on appeal or without merit. Hall, J.P., Austin, Sgroi and LaSalle, JJ., concur.