| **Lending Assets LLC v Gerbi** |
| 2025 NY Slip Op 31229(U) |
| April 10, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 152329/2023 |
| Judge: Judy H. Kim |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    **HON. JUDY H. KIM**                                   PART                          04
                                                    *Justice*

-------------------------------------------------------------------------------X

LENDING ASSETS LLC,                                INDEX NO.          152329/2023

                              Plaintiff,           MOTION DATE        06/08/2023

                                                   MOTION SEQ. NO.        001
            - v -

GABRIEL GERBI, WELTZ KAKOS GERBI WOLINETZ
VOLYNSKY LLP,                                       **DECISION + ORDER ON**
                                                            **MOTION**
                              Defendants.

-------------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 001) 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34

were read on this motion for                                  DISMISSAL                        .

Upon the foregoing documents, defendants' motion to dismiss this action is granted for the reasons set forth below.

## BACKGROUND

In this legal malpractice action, plaintiff alleges that on September 10, 2021, it loaned Gold Crescent Moon, LLC $325,000.00 to finance Gold Crescent's purchase of property located at 5114 SW 153rd Place, Miami, Florida 33185, which loan was to be secured by a mortgage on that property (NYSCEF Doc No. 1, complaint at ¶¶5-6). Plaintiff further alleges that on September 23, 2021, it loaned $975,000.00 to Idea Holdings LLC to fund Idea Holdings' purchase of property located at 3501 SW 132nd Avenue, Miami, Florida 33027, which loan was also to be secured by a mortgage on that property (*id.* at ¶8). Plaintiff alleges that defendants Weltz Kakos Gerbi Wolinetz Volynsky LLP and Gabriel Gerbi, Esq., a partner in that firm, acted as plaintiff's attorney with respect to these "loan transactions" and had a "non-delegable duty" to obtain lender's policies

insuring the mortgages and "ensure the mortgages against [these properties] were recorded in first lien positions," but failed to do so, and "obtained forged and fraudulent policies of title insurance from a non-existent 'title insurance company' rendering Lending Assets' mortgages uninsured" (*id.* at ¶¶9-14). As a result, plaintiff claims, it sustained damages of $1,300,000.00, i.e. the total amount of the two unsecured loans (*id.* at ¶¶23-31).

Defendants now move, pursuant to CPLR 3211(a)(1) and (7), to dismiss the complaint, arguing that no negligence by defendants proximately caused plaintiff's loss but that documentary evidence establishes that a third party, Apex Title Agency Incorporated, was responsible for insuring and recording the mortgages in question. In connection with this latter argument, defendants submit a complaint filed by plaintiff in the Circuit Court of the Tenth Judicial Circuit of Polk County, Florida against one Dora Ameneiro Martinez ("Martinez") under case number 2023-CA-000542 (the "Martinez Complaint"), in which plaintiff alleged that:

> At all times material, Dora has been president of Apex Title Agency Incorporated (hereinafter "Apex"), a title agency conducting title searches, real estate closings, and issuing policies throughout the State of Florida.
>
> On or about August of 2021, Dora approached Plaintiff and represented that she was a mortgage broker and title agent representing borrowers who needed refinancing on their homes.
>
> Specifically, Dora represented to Plaintiff that through Apex, Dora would be Plaintiff's title agent in connection with the loans Plaintiff issued by handling the closings, clearing title, issuing a title report, issuing final loan policies, and recording Plaintiff's mortgages so that Plaintiff's mortgages would be first in position for priority purposes on the following two properties: " 3501 SW 132nd Avenue, Miramar, FL 33027 (the "Idea Holdings Property"); and " 5662 SW 129 Place, Miami, FL 33183 (the "Gold Crescent Property").
>
> On or about August 12, 2021, Dora emailed Plaintiff to inform Plaintiff that Dora's borrower, Idea Holdings, LLC, was looking for a $950,000.00 loan with one (1) year reserves to get it refinanced with a bank (the "August 2021 Email Correspondence") and attached an appraisal report for the Idea Holdings Property.
>
> …

**152329/2023   LENDING ASSETS LLC vs. GERBI ESQ., GABRIEL ET AL**
**Motion No.  001**

Page 2 of 7

2 of 7

[* 2]

Based on Dora's representations to Plaintiff that Dora would be handling the closing, clearing title, issuing a title report, issuing a final loan policy, and recording the mortgage of the Gold Crescent Property, on or about September 10, 2021, Plaintiff loaned Three Hundred Twenty Five Thousand Dollars and Zero Cents ($325,000.00) to Gold Crescent Moon, LLC for the Gold Crescent Property …

In addition, based on Dora's representations to Plaintiff that Dora would be handling the closing, clearing title, issuing a title report, issuing a final loan policy, and recording the mortgage of the Idea Holdings Property, on or about September 23, 2021, Plaintiff loaned Nine Hundred Seventy-Five Thousand Dollars and Zero Cents ($975,000.00) to Idea Holdings LLC for the Idea Holdings Property (the Idea Holdings Property and Gold Crescent Property collectively the "Properties") …

On or about February 16, 2022, in connection with Plaintiff's loans for the two Properties, Dora emailed final loan policies to Plaintiff which represented that Plaintiff's Mortgages on the Properties were first in position and were recorded in the public records of the proper counties (the "February 16, 2022 Email Correspondence") …

On or about November 1, 2022, Plaintiff emailed Dora about the preapproval letters for the loans to be refinanced on the two Properties. Dora stated to Plaintiff that the loans had closed and had been refinanced. However, Plaintiff informed Dora that Plaintiff had not received wire payments to satisfy its existing mortgages. In response, on November 16, 2022, Dora said she "just got the approval letter from the new lender, I'm waiting on the confirmation to withdraw the current payment till they are refinanced out" …

Unbeknownst to Plaintiff, the title reports and final loan policies provided by Dora was fraudulent, and Dora failed to record and/or faked the recordings of the Mortgages for both the Idea Holdings Property and the Gold Crescent Property because they were not related to any real or actual transaction.

Specifically, the instrument number Dora allegedly recorded on October 6, 2021 for the Mortgage on the Idea Holdings Property-Instrument #: 119208813-did not appear in the Broward County Official Records, nor did the Idea Holdings Mortgage appear in the Broward County Official Records when running the name of the borrower, Idea Holdings LLC. In other words, the mortgage for the Idea Holdings Property was never recorded in the Broward County Official Records, and Instrument number 119208813 was not a reference to a Broward County Official Records Instrument number …

Furthermore, the Instrument number and OR Book Dora allegedly recorded on September 29, 2021 for the mortgage on the Gold Crescent Property-Instrument #: 202110436458 and OR Book 10905 Page 934-did not appear in the Miami-Dade County Official Records, nor did the Gold Crescent Mortgage appear in the Miami-

Dade County Official Records when running the name of the borrower, Gold Crescent Moon, LLC. Simply put, Dora failed to record the mortgage on the Gold Crescent Property because Instrument number 202110436458 is not a reference to a Miami-Dade County Official Records Instrument number and OR Book 10905, Page 934 is not a valid recording book and page number. Even if the OR Book and Page reflected a valid recording, which it is not, the OR Book and Page does not match up with a 2021 instrument number …

Upon discovering that Dora failed to record and/or faked the recording of the Mortgages for both the Idea Holdings Property and the Gold Crescent Property, Plaintiff immediately properly recorded the two Mortgages for the Properties on January 5, 2023.

As a result of Dora's fraudulent and material misrepresentations that Dora would be handling the closing, clearing title, issuing a title report, issuing final loan policies, and recording the Mortgages for the Idea Holdings and Gold Crescent Properties, Plaintiff has been unable to foreclose and/or recover monies from the borrower's defaults at the Properties because Plaintiff has lost priority at this time.

Plaintiff has suffered damages as a result of Dora's fraudulent conduct, including but not limited to, the loss of the loaned funds and inability to recover upon the default by the borrowers at the Properties.

(NYSCEF Doc No. 13, fraud complaint at ¶¶8-11, 13-16, 18-23). Defendants also submit various documents related to the purchases of 5114 SW 153rd Place and 3501 SW 132nd Avenue, including title policies, disbursement schedules, and American Land Title Association documents, which, defendants contend, further establish that Apex was paid for recording the mortgage and obtaining title insurance (*see* NYSCEF Doc Nos. 14, 16, 17, 18, 21, 22, 23, 25).

In opposition, plaintiff does not dispute the veracity of the allegations in the Martinez Complaint but argues that the materials submitted by defendants are not "documentary evidence" for purposes of a CPLR 3211(a)(1) motion. Plaintiff further asserts that the complaint should be read as alleging that defendants were negligent in failing to inquire whether Apex was a legitimate title insurance company.

152329/2023   LENDING ASSETS LLC vs. GERBI ESQ., GABRIEL ET AL
Motion No. 001

Page 4 of 7

4 of 7

[* 4]

## DISCUSSION

The branch of defendants' motion to dismiss the complaint pursuant to CPLR 3211(a)(7) is denied. On a motion to dismiss under CPLR 3211(a)(7), the pleading is afforded a liberal construction and the court must accept as true the facts alleged in the complaint, accord the pleading the benefit of every reasonable inference, and only determine whether the facts, as alleged, fit within any cognizable legal theory (*see Leon v Martinez*, 84 NY2d 83 [1994]). To state a claim for legal malpractice, "a plaintiff must demonstrate that the attorney failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession and that the attorney's breach of this duty proximately caused plaintiff to sustain actual and ascertainable damages" (*Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer*, 8 NY3d 438, 442 [2007] [internal quotation marks and citations omitted]). The complaint's allegations that plaintiff had a duty to timely record mortgages on the subject property but failed to do so, leading to the loss of plaintiff's security interest in these properties satisfies the elements of a legal malpractice claim (*see Garten v Shearman & Sterling LLP*, 52 AD3d 207 [1st Dept 2008]]).

However, the branch of defendants' motion to dismiss the complaint pursuant to CPLR 3211(a)(1) is granted. Pursuant to CPLR 3211(a)(1), "[d]ismissal is warranted only if the documentary evidence submitted utterly refutes plaintiff's factual allegations and conclusively establishes a defense to the asserted claims as a matter of law" (*Amsterdam Hosp. Group, LLC v Marshall-Alan Assoc, Inc.*, 120 AD3d 431, 433 [1st Dept 2014] [internal citations and quotations omitted]).

The Martinez Complaint satisfies this standard and mandates the dismissal of this action. "It is well settled that admissions in a pleading may constitute documentary evidence for purposes of a motion to dismiss" (*Walker, Truesdell, Roth & Assoc., Inc. v Globeop Fin. Services LLC*, 43

Misc 3d 1230(A) [Sup Ct, NY County 2013], *affd sub nom. New Greenwich Litig. Tr., LLC v Citco Fund Services (Europe) B.V.*, 145 AD3d 16 [1st Dept 2016] [internal citations omitted]) and that such a judicial admission "can be a basis for dismissal of the plaintiff's claim" where it is "unrebutted and refute[s] an essential element of a plaintiff's claim" (*Jack C. Hirsch, Inc. v Town of N. Hempstead*, 177 AD2d 683, 684 [2d Dept 1991]).

Here, plaintiff's allegations in the Martinez Complaint's that it relied upon Apex to act as its title agent and record plaintiff's mortgages in first position are a judicial admission refuting a central element of plaintiff's claim in this action, namely that defendants' representation of plaintiff included recording and insuring the subject mortgages. To the extent plaintiff asserts, in opposition, that the complaint also alleges that defendants breached their duty to plaintiff by failing to "inquire into the bona fides" of Apex, the complaint contains no such allegation or, indeed, any mention of either Martinez or Apex. In light of the foregoing, this matter is dismissed (*see Epic Wholesalers and Star Diamonds & Jewelry, Inc. v J.P. Morgan Chase Bank, N.A.*, 31 Misc 3d 1237(A) [Sup Ct, Kings County 2011] ["admissions made by plaintiffs in the 2009 action and the bankruptcy court action refute an essential element of their claim in the present action, that the named and intended payee, Prestige, did not receive the funds..."]).

Accordingly, it is

**ORDERED** that defendants' motion to dismiss this action is granted and this action is hereby dismissed; and it is further

**ORDERED** that the Clerk of the Court is directed to enter judgment accordingly; and it is further

**ORDERED** that defendants shall, within ten days of the date of this decision and order, serve a copy of this decision and order with notice of its entry upon all parties, the Clerk of the

152329/2023   LENDING ASSETS LLC vs. GERBI ESQ., GABRIEL ET AL
Motion No. 001

Page 6 of 7

[* 6]

Court (80 Centre St., Room 308), and the Clerk of the General Clerk's Office (60 Centre St., Rm. 119); and it is further

**ORDERED** that such service upon the Clerk of the Court and the Clerk of the General Clerk's Office shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases.*

This constitutes the decision and order of the Court.

_____4/10/2025_____
DATE

HON. JUDY H. KIM, J.S.C.

| CHECK ONE: | X | CASE DISPOSED | | | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

152329/2023   LENDING ASSETS LLC vs. GERBI ESQ., GABRIEL ET AL
Motion No. 001

Page 7 of 7

7 of 7