■ ROBERT J. LEE, Respondent, v RANKO CARIC, Appellant. —In an action to compel specific performance of a contract for the sale of real property, the defendant appeals from (1) a judgment of the Supreme Court, Queens County (Kassoff, J.), dated July 8, 1985, which, after a nonjury trial, *inter alia,* granted judgment to the plaintiff, and directed the defendant to execute a deed and surrender possession of the premises in the manner set forth in the contract, and (2) an order of the same court, dated February 4, 1986, which, *inter alia,* directed the Sheriff of the City of New York, Queens County, to convey to the plaintiff title to the subject property.

Ordered that the judgment and order are affirmed, with costs.

The defendant's argument that the contract of sale is illegal and unenforceable is without merit. The fact that the contract could conceivably be used by the plaintiff in an attempt to mislead a third party as to the actual purchase price of the property is an insufficient basis for the avoidance of the contract.

Absent evidence of an intent to violate the law, "a contract that may be performed both lawfully and unlawfully should be construed in favor of its legality" *(Galuth Realty Corp. v Greenfield,* 103 AD2d 819). Nor is the contract unenforceable under the facts of this case because the plaintiff failed to tender payment prior to instituting the action for specific performance *(see, Huntington Min. Holdings v Cottontail Plaza,* 96 AD2d 526, *affd* 60 NY2d 997).

Also without merit is the defendant's contention that the trial court erred in extending the plaintiff's time to comply with the judgment awarding specific performance. Pursuant to CPLR 2004, the court was empowered to extend the time for payment set forth in its prior order. Bracken, J P., Niehoff, Eiber and Sullivan, JJ., concur.