■ 815 ASSOCIATES, INC., Appellant, v STATE OF NEW YORK, Respondent. [705 NYS2d 630] —In a claim for damages arising from the acquisition of real property pursuant to EDPL 501, the claimant appeals, as limited by its brief, on the ground of inadequacy, from so much of a judgment of the Court of Claims (Silverman, J.), dated February 11, 1999, as, after a nonjury trial, awarded it the principal sum of only $130,200 for the permanent appropriation of a portion of its property, based on a finding that the value of the property had not been enhanced by a 1962 taking of an adjoining property, which resulted in the claimant's property abutting on the State's right-of-way for Sunrise Highway.

Ordered that the judgment is modified by deleting therefrom the award of the principal sum of $130,000 for the permanent appropriation, and substituting therefor an award in the principal sum of $294,700; as so modified, the judgment is affirmed insofar as appealed from, with costs.

Before August 1962, the southerly boundary of the claimant's property abutted property owned by Irene Skee. The southerly boundary of Skee's property abutted Sunrise Highway at its intersection with Lincoln Avenue. In August 1962 the State appropriated the entire Skee property in fee in order to expand Sunrise Highway. The claimant's southerly property line then abutted the northerly property line of Sunrise Highway, with the claimant's property separated from the paved vehicle lanes of the highway by a shoulder which was approximately 240 feet at its widest point.

On June 18, 1993, the State appropriated 4,201 square feet of the claimant's property along its boundary with Sunrise Highway. The claimant sought compensation based on the theory that by virtue of the 1962 appropriation, its property abutted Sunrise Highway on the same grade and was enhanced in value based on its direct access to the highway. The State argued that the claimant's property did not have access to the highway because it was separated from the highway by a State-owned right-of-way, and that the property therefore must be valued as if it did not have access to the highway.

The Court of Claims awarded the claimant the principal sum of $130,200 for the permanent appropriation. In doing so, it relied upon a theory which had not been advanced by either party, the so-called "scope of the project" rule. The Court of Claims erred in applying that rule, which would require a determination on the issue of whether the claimant's property or portions of it were within the scope of the highway expansion project from the time the State appropriated Skee's property in

1962. As stated by the United States Supreme Court: "If [the claimant's property was] not [within the scope of the highway expansion project], but [was] merely adjacent land * * * the subsequent enlargement of the project to include [it] ought not to deprive the [claimant] of the value added in the meantime by the proximity of the improvement. If, on the other hand [it was] the [State] ought not to pay any increase in value arising from the known fact that the [claimant's property] probably would be condemned. The [claimants] ought not to gain by speculating on probable increase in value due to the [State's] activities" (*United States v Miller,* 317 US 369, 377). The State did not rely on the "scope of the project" rule at trial, and presented no evidence with regard to it. Consequently, there is nothing in the record to support the conclusion of the Court of Claims that at the time of the 1962 appropriation "it was in all probability contemplated that a portion of the [subject] Lincoln Avenue frontage would be necessary to support the planned highway expansion".

The theory relied upon by the State was that the claimant's property did not have direct access to Sunrise Highway as a result of the 1962 appropriation. We disagree. At trial, the State's expert conceded that on a prior occasion he had evaluated the property immediately to the east of the claimant's property, referred to as the "Ostrander property". The Ostrander property also abutted Sunrise Highway as a result of the same 1962 appropriation of the Skee property and, like the claimant's property, was separated from the paved portion of the highway by the State-owned right-of-way, which extended as much as 200 feet in depth on its westerly property line. In preparing a valuation of the Ostrander property for the State, however, the State's expert had valued it as if it had frontage on Sunrise Highway. Significantly, the expert conceded that if the claimant's right of access to the highway had been denied by an earlier appropriation, the appropriation map would have been labeled "without access", which was not done in this case. Since the right of access was not denied by the 1962 appropriation, the claimant's property thereafter still had that right. Consequently, the loss of the right of access resulting from the 1993 appropriation is compensable.

Even if the appropriation of the claimant's property had been contemplated in 1962, the lapse of 31 years before the actual appropriation in 1993 warrants payment by the State of the enhanced value of the land by virtue of its proximity to the highway (*see, United States v 320 Acres of Land,* 605 F2d 762). In the absence of any evidence to support the application of the

"scope of the project" rule or the State's theory, the claimant is entitled to compensation for the enhancement in value which resulted from the 1962 appropriation of the Skee property. We therefore adopt the valuation of the claimant's expert for the purpose of determining just compensation.

The State's remaining contentions are without merit. Mangano, P. J., Bracken, Sullivan and S. Miller, JJ., concur.