■ Hoo Corp., Respondent, v 109 Graham Avenue Corp., Appellant. [732 NYS2d 868] —In an action to compel specific performance of a contract for the sale of real property, the defendant appeals, as limited by its brief, from stated portions of an order of the Supreme Court, Kings County (Belen, J.), dated April 14, 2000, which, *inter alia,* in effect, denied its motion to dismiss the complaint based on the plaintiff's failure to comply with a prior order of the same court, dated July 12, 1999, and the parties' contract, dated March 24, 1997.

Ordered that the order is affirmed insofar as appealed from, with costs.

Pursuant to an order dated May 6, 1999, the Supreme Court granted the plaintiff's motion for summary judgment and ordered specific performance of the parties' contract for the sale of real property to the plaintiff. That order was affirmed by this Court (*see, Hoo Corp. v 109 Graham Ave. Corp.,* 272 AD2d 377).

By order dated July 12, 1999, the Supreme Court, *inter alia,* directed that the closing be held within 60 days after service of a copy of the order dated July 12, 1999, with notice of entry. Although the plaintiff scheduled a closing date, the closing did not occur due to certain exceptions noted in the title report prepared by the plaintiff's title insurance company. The plaintiff then moved, *inter alia,* to extend its time to close. Contrary to the defendant's contention, the Supreme Court providently exercised its discretion in granting an extension rather than finding the plaintiff in default of the order dated July 12, 1999 (*see, Stansky v Mallon,* 133 AD2d 392; *Lee v Caric,* 125 AD2d 453).

The defendant's remaining contentions are without merit (*see, Gargano v Rubin,* 200 AD2d 554). Santucci, J. P., Altman, Townes and Crane, JJ., concur.