■ SERF REALTY COMPANY, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 99004.) [773 NYS2d 123]—

In a claim to recover damages for the appropriation of certain real property, the claimant appeals, as limited by its brief, from so much of an order of the Court of Claims (Waldon, J.), dated May 1, 2002, as denied that branch of its motion which was for partial summary judgment on so much of its claim as, in effect, alleged that the taking rendered its remainder parcel legally landlocked.

Ordered that the order is affirmed insofar as appealed from, with costs, and, upon searching the record, partial summary judgment is granted to the defendant dismissing so much of the claim, as in effect, alleged that the remainder parcel is legally landlocked.

Contrary to the claimant's contentions, the evidence established that it was not entitled to summary judgment on the issue of whether the taking of the property rendered its remainder parcel legally landlocked. In opposition to the claimant's motion, the State proffered the affidavit of its design project leader, who averred that it was the State's custom and practice that if the State intended to deny the claimant a right to highway access by its appropriation, the appropriation maps would have been labeled "without access." According to the design project leader, if the appropriation maps are not so labeled, a right of access is not denied by the appropriation (see *815 Assoc. v State*

*of New York,* 271 AD2d 398, 399 [2000]). Since the appropriation maps in this case were not labeled "without access," the claimant has a right of access, and that branch of its motion which was for partial summary judgment on so much of its claim as, in effect, alleged that the State's appropriation rendered its remainder parcel legally landlocked was properly denied.

There remains no issue of fact, therefore, on the question tendered in the claimant's motion, and it is appropriate for this Court, upon searching the record, to grant partial summary judgment in favor of the defendant (*see* CPLR 3212 [b]; *Merritt Hill Vineyards v Windy Hgts. Vineyard,* 61 NY2d 106, 112 [1984]; *Wiseman v Knaus,* 24 AD2d 869, 870 [1965]; *cf. Dunham v Hilco Constr. Co.,* 89 NY2d 425, 429 [1996]), dismissing so much the claim as, in effect alleged that the claimant's remainder parcel is legally landlocked (*see Zeid v Kaldawi,* 147 AD2d 636, 638 [1989]; *Dormann v State of New York,* 4 AD2d 979 [1957]). Prudenti, P.J., Altman, Smith and Crane, JJ., concur.