■ SIDNEY B. BOWNE & SON, LLP, Appellant, v PARR DEVELOPMENT CORP. et al., Respondents. [786 NYS2d 360]—

In an action to recover money allegedly owed for engineering services, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Peck, J.), dated April 7, 2003, as, upon granting the defendants' motion, inter alia, to vacate a prior order of the same court (Carter, J.), entered August 8, 2002, granting its unopposed motion for summary judgment, in effect, denied its motion for summary judgment on the ground that issue had not been joined.

Ordered that the order is modified, on the law, by (1) deleting the provision thereof denying that branch of the plaintiff's motion which was for summary judgment against the defendant Parr General Contracting Company, Inc., in the principal sum of $38,532.18, and substituting therefor a provision granting that branch of the motion, and (2) adding a provision thereto directing that the prejudgment interest on the principal sum of $30,128.50 shall run from September 1, 2000, and on the principal sum of $8,403.63 shall run from December 17, 1999; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff, and the matter is remitted to the Supreme Court, Nassau County, for the entry of an appropriate judgment; and it is further,

Ordered that, upon searching the record, summary judgment is awarded to the defendants Parr Development Corp., Parr Organization, and Ronald Parr, and the action is dismissed insofar as asserted against those defendants.

Shortly after the action was commenced by the filing of a

summons with notice, the parties settled this matter. In addition, the defendants stated in the papers which they submitted to the court that issue was joined, and the plaintiff does not dispute such contention. Under these circumstances, and since the parties' papers addressed the issues on the merits, the plaintiff's motion for summary judgment should have been decided on the merits (*see generally Serf Realty v State of New York,* 5 AD3d 584 [2004]). Indeed, the parties have charted their own procedural course on the merits of the issue, having settled this matter in accordance with the executed formal typewritten stipulation filed with the Clerk of the Supreme Court, Nassau County, on October 2, 2000, a date subsequent to the defendants' letters purportedly questioning the viability of their settlement with the plaintiff (*see generally Kass v Kass,* 91 NY2d 554, 568 [1998]; *J & A Vending v J.A.M. Vending,* 303 AD2d 370, 371-372 [2003]; *see also Milk v Gottschalk,* 29 AD2d 698 [1968]).

Based upon stipulations of settlement in which Parr General Contracting Company, Inc. (hereinafter PGCC), admitted that it owed the plaintiff $30,128.50, and a stopped check tendered by PGCC to the plaintiff in the sum of $8,403.68, the plaintiff was entitled to judgment against PGCC in the total principal sum of $38,532.18. However, contrary to the plaintiff's contentions, and, upon searching the record, the remaining defendants are entitled to judgment against the plaintiffs. Both the handwritten stipulation originally relied upon by the plaintiff, and the formal typewritten stipulation executed by plaintiff's and the defendants' respective counsel, and filed with the court, provided that only PGCC was to make payment of the sum of $30,128.50 and that it was only required to do so no later than September 1, 2000. Additionally, the typewritten stipulation provided that no demand by the plaintiff was required for that payment and that the action was to be dismissed against the remaining defendants. Since there was no claim by PGCC that it timely tendered payment as required by the stipulation, the plaintiff was not entitled to an award of prejudgment interest, but only from the dates of the required payments, not from 1993.

The parties' remaining contentions either are without merit or need not be addressed in light of our determination. Santucci, J.P., Luciano, Schmidt and Rivera, JJ., concur.