■ PAUL PALMIERI, Respondent, v TOWN OF BABYLON, Appellant. [928 NYS2d 355]—

On July 17, 2004, the parties settled this action by entering into a so-ordered stipulation of settlement (hereinafter the stipulation). In a previous appeal from an order vacating the stipulation, this Court reversed the order and denied the motion of the defendant Town of Babylon to vacate the stipulation and to restore the action to the calendar (*see Palmieri v Town of Babylon*, 56 AD3d 740, 741 [2008]).

Rather than comply with its obligations under the stipulation, after the prior appeal was decided, the Town filed a motion in the Supreme Court, inter alia, pursuant to CPLR 3211 (a) (5) and (7) to dismiss the complaint as time-barred and for failure to state a cause of action, alternatively requesting that the court treat the motion as one for summary judgment dismissing the complaint. The Town contended that the complaint should be dismissed because the plaintiff failed to include the allegations required by General Municipal Law § 50-i (1) (b), that 30 days have elapsed since the service of a notice of claim pursuant to General Municipal Law § 50-e and adjustment or payment of the claim has been neglected or refused. Since the complaint did not contain these allegations, the Town further contended that the action was time-barred pursuant to General Municipal Law § 50-i (1) (c), as the plaintiff has never filed a statutorily compli-

ant pleading. It is not disputed, however, that the plaintiff did serve the Town with a timely notice of claim pursuant to General Municipal Law § 50-e more than 30 days before the commencement of the action and the claim was not adjusted or paid prior to the commencement of the action. The Supreme Court, relying upon the order of this Court in the prior appeal, denied the Town's motion to dismiss, stating "there is no action before the Court upon which relief may be granted."

Although we denied the Town's motion to restore the action to the active calendar of the Supreme Court in the prior appeal, the action has not been discontinued by stipulation or court order (see CPLR 3217). "A settlement agreement entered into by parties to a lawsuit does not terminate the action unless there has been an express stipulation of discontinuance or actual entry of judgment in accordance with the terms of the settlement. Absent such termination, the court retains its supervisory power over the action and may lend aid to a party who had moved for enforcement of the settlement" (Teitelbaum Holdings v Gold, 48 NY2d 51, 53 [1979]; see Church Extension Plan v Harvest Assembly of God, 79 AD3d 787, 788-789 [2010]).

In support of those branches of its motion which were to dismiss the complaint, or, in effect, for summary judgment dismissing the complaint, the Town failed to establish any legal basis for the Supreme Court to ignore the parties' stipulation, which settled the dispute between them as alleged in the complaint. The pleading requirements of General Municipal Law § 50-i are "procedural rather than jurisdictional" (Matter of Shannon v Westchester County Health Care Corp., 76 AD3d 680, 682 [2010]; see Commissioners of State Ins. Fund v Board of Educ., Arlington Cent. School Dist. No. 1, 301 AD2d 555, 556 [2003]). Parties are free to chart their own procedural course by stipulation (see Kass v Kass, 91 NY2d 554, 568 n 5 [1998]; Cullen v Naples, 31 NY2d 818, 820 [1972]; Morrison v Budget Rent A Car Sys., 230 AD2d 253, 257 [1997]). Under the circumstances here, by entering into the stipulation, the Town waived its defenses based upon the procedural defect in the complaint due to the plaintiff's failure to include the allegations required by General Municipal Law § 50-i (cf. Option One Mtge. Corp. v Daddi, 60 AD3d 920 [2009]; Sidney B. Bowne & Son, LLP v Parr Dev. Corp., 13 AD3d 607, 607-608 [2004]; Lomando v Duncan, 257 AD2d 649 [1999]). A so-ordered stipulation is a contract between the parties and binding upon them (see Alshawhati v Zandani, 82 AD3d 805, 807 [2011]; Aivaliotis v Continental Broker-Dealer Corp., 30 AD3d 446 [2006]; Nishman v De Marco, 76 AD2d 360, 366 [1980]). Accordingly, the Town was not

entitled to dismissal of, or summary judgment dismissing, the complaint in this action, which was settled by the parties' stipulation.

On the record presented, we decline to impose sanctions against the Town pursuant to 22 NYCRR 130-1.1 as requested by the plaintiff. The parties' remaining contentions are without merit. Angiolillo, J.P., Dickerson, Hall and Roman, JJ., concur.