■ JOSEPH MOCHKIN, Appellant, et al., Plaintiff, v JUDA MOCHKIN, Also Known as JUDA MOCKIN and Others, Respondent. [992 NYS2d 90]—

In an action, inter alia, for an accounting, the plaintiff Joseph Mochkin appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Schmidt, J.), entered April 22, 2012, as granted that branch of the defendant's motion which was to further extend the time for payment of the balance of settlement funds provided for in a so-ordered stipulation of settlement dated July 25, 2011.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff Joseph Mochkin (hereinafter the appellant) is the son of the defendant. In 2006, the appellant commenced this action in the Supreme Court, Kings County, against the defendant concerning the plaintiff 513 Properties Inc. (hereinafter 513). The appellant alleged that he and the defendant were each 50% shareholders in 513, which owns real property in Brooklyn consisting of a mixed-use building with residential units and commercial space. Since 2003, 513's property has been encumbered by a mortgage held by Astoria Federal Savings and Loan (hereinafter Astoria).

The appellant and the defendant settled the action in a stipulation of settlement dated July 25, 2011, which was so-ordered by the Supreme Court. Pursuant to the stipulation of settlement, the appellant agreed to relinquish all claims to 513 and its property in exchange for receiving $750,000 from the defendant. As directed in the stipulation of settlement, the defendant made an initial payment of $50,000 to the appellant in the fall of 2011. The stipulation of settlement provided that the remaining $700,000 was to be paid to the appellant on or before July 25, 2012. It further provided that the Supreme Court would retain jurisdiction "in all matters related hereto." In an effort to raise the necessary funds to pay the appellant, the defendant sought refinancing with W. Financial Fund, L.P. During the course of this transaction, it was discovered that a notice of pendency had been filed against 513's property in an action that the appellant commenced against Astoria, challenging the validity of its mortgage (hereinafter the Astoria action).

In July 2012 the defendant moved to intervene in the Astoria action and to compel the appellant to cancel the notice of pendency. In an order dated July 12, 2012, the Supreme Court extended the due date of the final settlement payment to August 24, 2012, subject to the defendant's right to seek a further extension if necessary, due to the appellant's conduct. In an order dated August 14, 2012, the court directed the appellant to immediately cancel the notice of pendency and to discontinue the Astoria action upon his receipt of the settlement funds. The appellant failed to cancel the notice of pendency, and the defendant thereafter moved in August 2012 for a further extension of time to pay the $700,000 balance. In an order dated November 28, 2012, the court extended the payment deadline for 120 days from the date of service of a copy of the order with notice of entry. In that order, the court expressly found that the appellant had breached the implied covenant of good faith and

fair dealing by commencing the Astoria action and filing the notice of pendency. Regarding the order dated November 28, 2012, the appellant filed a notice of appeal in this Court under docket No. 2013-06499, but he subsequently withdrew the appeal. In March 2013, the defendant moved for a further extension of time to pay the remaining $700,000. In the order now appealed from, the Supreme Court granted that branch of the defendant's motion by tolling the running of the 120-day period set forth in the November 28, 2012, order until, as is relevant here, the appellant discontinued the Astoria action and cancelled the notice of pendency.

Contrary to the appellant's contention, the Supreme Court providently exercised its discretion in granting that branch of the defendant's motion which was to further extend the time for payment of the balance of the settlement funds. " 'A settlement agreement entered into by parties to a lawsuit does not terminate the action unless there has been an express stipulation of discontinuance or actual entry of judgment in accordance with the terms of the settlement. Absent such termination, the court retains its supervisory power over the action and may lend aid to a party who had moved for enforcement of the settlement' " (*Palmieri v Town of Babylon*, 87 AD3d 625, 626 [2011], quoting *Teitelbaum Holdings v Gold*, 48 NY2d 51, 53 [1979]). Further, CPLR 2004 provides, in pertinent part, that "the court may extend the time fixed by any statute, rule or order for doing any act, upon such terms as may be just and upon good cause shown" (CPLR 2004). In addition to the statutory authority, a court has authority under the common law, in its discretion, to grant relief from a judgment or order in the interest of justice, taking into account the equities of the case and the grounds for the requested relief (*see Hodge v Development at Helderberg Meadows, LLC*, 114 AD3d 1122 [2014]; *Hoo Corp. v 109 Graham Ave. Corp.*, 288 AD2d 266, 267 [2001]).

Here, the appellant and the defendant executed a stipulation of settlement which was so-ordered by the Supreme Court. It did not contain any provision terminating or discontinuing the action, and no judgment was entered in accordance with its terms. It provided, however, that the Supreme Court would retain jurisdiction in all related matters. Under the circumstances of this case, and pursuant to CPLR 2004 and the court's common-law supervisory authority, the Supreme Court providently exercised its discretion in granting that branch of the defendant's motion which was to further extend the time for payment of the balance of the settlement funds provided for in the so-ordered stipulation of settlement dated July 25, 2011.

The appellant's remaining contentions either are without merit, are not properly before this Court, or need not be addressed in light of our determination. Mastro, J.P., Dillon, Miller and Maltese, JJ., concur. 