Inwood Land Holdings, Inc. v State of New York (2023 NY Slip Op 02500)

Inwood Land Holdings, Inc. v State of New York

2023 NY Slip Op 02500

Decided on May 10, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 10, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
JOSEPH J. MALTESE
JOSEPH A. ZAYAS
DEBORAH A. DOWLING, JJ.

2019-12579
 (Index No. 607271/18)

[*1]Inwood Land Holdings, Inc., respondent,
v
State of New York, etc., appellant.

Letitia James, Attorney General, New York, NY (Steven C. Wu and Philip J. Levitz of counsel), for appellant.
Sahn Ward PLLC, Uniondale, NY (Jon A. Ward and Andrew M. Roth of counsel), for respondent.

DECISION & ORDER
In an action to quiet title pursuant to RPAPL article 15, the defendant appeals from a judgment of the Supreme Court, Nassau County (Jerome C. Murphy, J.), entered September 25, 2019. The judgment, upon an order of the same court dated August 13, 2019, inter alia, granting the plaintiff's motion for summary judgment on the complaint and dismissing the affirmative defenses, declared that the plaintiff has the "absolute" right of access, for purposes of ingress and egress, over and through certain land owned by the State of New York and identified as Parcel 723 on Appropriation Map No. 296 R-1, and Parcel 734 on Appropriation Map No. 639.
ORDERED that the judgment is modified, on the law, by deleting the provision thereof declaring that the subject right of access is "absolute"; as so modified, the judgment is affirmed, with costs to the appellant, and the order dated August 13, 2019, is modified accordingly.
In 1969 and 1970, the New York State Department of Transportation (hereinafter the NYSDOT) condemned certain land in the Town of Hempstead, Nassau County, for the purpose of constructing the Nassau County Expressway. The land acquired by the NYSDOT included property identified as Parcel 723 on Appropriation Map No. 296 R-1 and Parcel 734 on Appropriation Map No. 639. Parcels 723 and 734 together formed a right of way between Bay Boulevard (formerly Incinerator Road) and land owned by Nassau County. No road was ever constructed on Parcels 723 and 734.
The plaintiff's property, acquired in December 2009 from Nassau County, abuts Parcel 734. In May 2018, the NYSDOT informed the plaintiff that it had no legal right to access Parcels 723 and 734 for purposes of ingress and egress to the plaintiff's property to and from Bay Boulevard. The plaintiff then commenced this action against the State of New York acting through and on behalf of the NYSDOT. The plaintiff subsequently moved for summary judgment on the complaint and dismissing the affirmative defenses, and the Supreme Court, inter alia, granted the motion. The ensuing judgment declared that the plaintiff has the "absolute" right of access, for purposes of ingress and egress, over and through Parcels 723 and 734. The State appeals.
The plaintiff established its prima facie entitlement to judgment as a matter of law declaring that it has a right of access over and through Parcels 723 and 734, since the respective appropriation maps did not label Parcels 723 and 734 "without access" (see Serf Realty Co. v State of New York, 5 AD3d 584; 815 Assoc. v State of New York, 271 AD2d 398). The State's contentions [*2]to the contrary fail to raise an issue of fact as to whether the plaintiff has such a right of access (see Gerbig v Zumpano, 7 NY2d 327, 330; cf. Robinson v State of New York, 3 AD2d 326, 329).
The plaintiff failed to establish its prima facie entitlement to judgment as a matter of law declaring that its right of access to Parcels 723 and 734 is "absolute," commonly defined as"[f]ree from restriction, qualification, or condition" (Black's Law Dictionary [11th ed 2019], absolute). An abutting landowner's right to access a State highway is compensable, but not absolute (see Crystal Run Assoc., LLC v State of New York, 169 AD3d 764, 765; Van Valkenburgh v State of New York, 131 AD2d 903).
As the State contends, the plaintiff's right of access over and through Parcels 723 and 734 is limited by Highway Law § 52, and its implementing regulations. While not raised before the Supreme Court on the motion for summary judgment, the applicability of Highway Law § 52 and its implementing regulations "may be considered on appeal since it is a question of law that appears on the face of the record which, had it been brought to the attention of the Supreme Court, could not have been avoided" (Matter of 200 Cent. Ave., LLC v Board of Assessors, 56 AD3d 679, 680; see also Matter of Daubman v Nassau County Civ. Serv. Commn., 195 AD2d 602). Highway Law § 52 and its implementing regulations, particularly 17 NYCRR 125.2(a), (g), and 125.5 and 125.8, restrict construction or improvement within a State highway right of way (see Brothers v New York State Elec. & Gas Corp., 11 NY3d 251, 260 n 2).
As the plaintiff's right of access over and through Parcels 723 and 734 is not absolute, the judgment and underlying order are modified accordingly, in accordance with the Highway Law and all other applicable State regulations.
BARROS, J.P., MALTESE, ZAYAS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court