Matter of Town of Ramapo (Weis) (2025 NY Slip Op 02923)

Matter of Town of Ramapo (Weis)

2025 NY Slip Op 02923

Decided on May 14, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 14, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
LINDA CHRISTOPHER
JANICE A. TAYLOR
JAMES P. MCCORMACK, JJ.

2021-08601
 (Index No. 31092/20)

[*1]In the Matter of Town of Ramapo, appellant; David Weis, respondent.

Itamar J. Yeger, Town Attorney, Suffern, NY, for appellant.
Goldstein, Rikon, Rikon & Levi, P.C., New York, NY (Joshua H. Rikon of counsel), for respondent.

DECISION & ORDER
In a condemnation proceeding, the condemnor, Town of Ramapo, appeals from an order of the Supreme Court, Rockland County (Bruce E. Tolbert, J.), dated November 22, 2021. The order denied the motion of the condemnor for summary judgment dismissing the claim of the condemnee, David Weis, for compensation for the taking of certain property.
ORDERED that the order is reversed, on the law, with costs, and the motion of the condemnor for summary judgment dismissing the claim of the condemnee for compensation for the taking of certain property is granted.
In February 2020, the condemnor, Town of Ramapo, commenced this proceeding to acquire certain parcels of real property in Rockland County through eminent domain as part of a sidewalk and road widening project. The property that the Town sought to acquire was a .9-mile stretch of land that abutted Route 306, which included seven parcels of land along the public highway, including "Map 10," the parcel at issue here. The condemnee, David Weis, was the record owner of the property abutting the Map 10 parcel.
In an amended notice of claim, the condemnee claimed that the taking of his property, which he identified as including the Map 10 parcel, caused him direct consequential damages because it resulted in impaired access to his property and the loss of a setback or buffer zone from Route 306. In May 2021, the Town moved for summary judgment dismissing the condemnee's claim for compensation for the taking of the Map 10 parcel. In an order dated November 22, 2021, the Supreme Court denied the Town's motion. The Town appeals.
"When the State takes property by eminent domain, the Constitution requires that it compensate the owner so that he may be put in the same relative position, insofar as this is possible, as if the taking had not occurred" (Crystal Run Assoc., LLC v State of New York, 169 AD3d 764, 765 [internal quotation marks omitted]; see Wesley Hills Ctr., LLC v State of New York, 202 AD3d 888, 890). "Consequential damages may be recovered where the appropriation has caused access to the remainder of the property to become unsuitable" (Crystal Run Assoc., LLC v State of New York, 169 AD3d at 765). While an owner of property abutting a State highway has a compensable right of access to that highway, that right is not absolute, as "access . . . and not convenience is the [*2]dispositive damage yardstick" (id. [internal quotation marks omitted]; see Lake George Assoc. v State of New York, 7 NY3d 475, 480).
Here, the Supreme Court erred in determining that the Town failed to meet its prima facie burden of demonstrating its entitlement to judgment as a matter of law (see Laffey Fine Homes of N.Y., LLC v 7 Cowpath, LLC, 210 AD3d 974, 975). The Town's submissions demonstrated, prima facie, that the condemnee was not the owner of the Map 10 parcel and that he retained an appropriate right of access to the public roadways (see Inwood Land Holdings, Inc. v State of New York, 216 AD3d 749, 750-751; Crystal Run Assoc., LLC v State of New York, 169 AD3d at 765).
The condemnee failed to raise a triable issue of fact in response to this showing (see Laffey Fine Homes of N.Y., LLC v 7 Cowpath, LLC, 210 AD3d at 975). The condemnee's assertion that he acquired ownership of the Map 10 parcel through adverse possession was vague, conclusory, and insufficient to raise a triable issue of fact (see Bullock v Louis, 188 AD3d 783, 784; Pritsiolas v Apple Bankcorp, Inc., 120 AD3d 647, 650). Furthermore, the loss of a setback or buffer zone to Route 306 as a result of the appropriation of the condemnee's neighbor's property was not compensable (see RA Three RDS, LLC v State of New York, 169 AD3d 731, 732; Lucas v State of New York, 44 AD2d 633, 634).
In light of the foregoing, we need not reach the parties' remaining contentions.
Accordingly, the Supreme Court should have granted the Town's motion for summary judgment dismissing the condemnee's claim for compensation for the taking of the Map 10 parcel.
BARROS, J.P., CHRISTOPHER, TAYLOR and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court